## THE PEOPLE *vs.* GERRET SWAN.

The finder of property, who knows the owner, or has reason to believe who he is, is bound to restore it, and is guilty of larceny, if he fraudulently converts it to his own use.

The prisoner was indicted for grand larceny, in feloniously stealing a pocket book, containing one hundred dollars in money, the property of Alonzo Howland, on the first day of May 1839, at Stillwater.

It appeared in evidence that the prosecutor, about five o'clock P. M. of the first of May, went into a *necessary*, in the rear of Mr. Lawrence's store, in Stillwater, on a call of nature, and laid his pocket book, containing $100, on the bench, and came out without it. In ten or fifteen minutes afterwards, he missed it, and went back after it, and it was gone. The *necessary* was on premises owned by the prosecutor, and was used by Mr. Elmore, a shoemaker, who occupied a shop on the same premises, and his hands. The prisoner was a journeyman of Mr. Elmore, and absconded the following night; was pursued to Albany and found with the pocket book in his possession, and a part of the money. A portion of the money he had paid out

VOL. I.                    2

for a suit of clothes, which was also given up. The pocket book contained receipts given to the prosecutor, in which his name was inserted at length. It was proved that the prisoner could read; that he told the officer, when he was arrested, that when he first found it he supposed it belonged to Mr. Lawrence, but on opening it, and finding the receipts, he knew it belonged to the prosecutor. He said if he got another pocket book he would know what to do with it; that the officer would not get it so easily. The officer had to search him before it was found.

*Bloore*, for the prisoner, insisted that the pocket book had been lost, and that the prisoner was the *bona fide* finder of it, and could not be convicted of larceny, by a fraudulent conversion. He cited *The People* v. *Anderson*, 14 *J. R.* 294.

*Ellis* (Dist. Att'y) cited *The People* v. *McGowan*, 17 *Wend.* 460.

WILLARD, *Circuit Judge* (after recapitulating the evidence and defining the crime of grand larceny), observed: It has been said that if a man *lose goods*, and another find them, *and not knowing* the owner converts them to his own use, it is no larceny. This rule supposes that the finder acts *bona fide*, is ignorant of the owner, and may, therefore, have a warrantable ground to suppose that the goods will never be claimed, and the owner will never be discovered. Such seems to have been the view of the supreme court in the case of *The People* v. *Anderson*, cited by the prisoner's counsel. The particulars of that case are not detailed, but it is assumed that the owner had lost the goods, and that the defendant was an honest finder.

The law, however, clearly holds a prisoner guilty *criminally* who *knowing the owner*, converts the property to his own use. It is the duty of the finder to restore property which he has found to the rightful owner, and if there are marks upon it, by which the owner can be ascertained, or if he has reasonable ground to believe who the owner is, he will be guilty of larceny if he convert it to his own use.

In the present case, the pocket book and money can not be said to have been lost, in the strict technical sense of the term. The prosecutor left it by accident, for a few minutes, in an unusual place, but knew where it was left. If the prisoner, when he discovered it, had no reasonable ground to believe that it had been abandoned by its owner, or that its owner never would be found — if he knew whose property it was, before he converted it to his own use — if he took no means to restore it to its owner, but on the contrary fled and endeavored to conceal it, and appropriated it to his own use, the jury will be warranted in finding him guilty.

The jury found the prisoner guilty and he was sentenced to the state prison for three years and six months.

---

RENSSELAER OYER AND TERMINER. July 1845.  Before *Parker*, Circuit Judge, and *Davis, Bull* and *Waite*, County Judges